```
               IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION
```

SWANSCAN, LLC d/b/a SWANEPOEL    §
& SCANDROL SAFARIS,              §
                                 §
    Plaintiff,                   §
                                 §
v.                               §    CIVIL ACTION NO. H-05-3306
                                 §
ERIC WHETSTONE,                  §
                                 §
    Defendant.                   §

## MEMORANDUM AND ORDER

Pending is Defendant Eric Whetstone's Motion to Dismiss Plaintiff's Amended Complaint (Document No. 14). After having carefully considered the motion, response, reply, and the applicable law, the Court concludes that the motion should be denied.

### I. Background

This is a contract dispute. In January 2005, Defendant Eric Whetstone ("Defendant"), a Kentucky resident, met representatives of Plaintiff Swanscan LLC d/b/a Swanepoel & Scandrol Safaris ("Plaintiff"), a company with its principal place of business in Texas, at a hunting convention in Reno, Nevada.[1] It was there that

---

[1] Although the First Amended Complaint states that Plaintiff is a Delaware corporation, Plaintiff's counsel represented during the Rule 16 conference that she was mistaken and that Plaintiff is actually a Texas limited liability company.

the parties signed two Safari Agreements (the "Agreements") for hunting safaris that were scheduled to take place in Tanzania and South Africa in July and November 2005 respectively (the "Hunts"). The first term of the Agreements, which are identical in all material respects, states:

> TERMS AND CONDITIONS: CLIENT EXPRESSLY UNDERSTANDS AND AGREES AS FOLLOWS:
>
> 1) An initial deposit in the amount of [$36,900] [$62,500] to confirm the safari.

Document No. 9 exs. A-B. In addition, each Agreement contains the following choice of law and forum selection provision:

> The Safari Agreement shall be governed by and construed under the laws of the State of Texas, which Client agrees has exclusive jurisdiction in all matters in connection herewith.

Id.

In its First Amended Complaint, Plaintiff asserts claims for breach of contract, promissory estoppel, and quantum meruit, arguing that Defendant breached the Agreements when he failed to pay the amounts due thereunder, including the aforementioned deposits. Although Plaintiff concedes that Defendant is a Kentucky resident, Plaintiff contends that the Court has personal jurisdiction over Defendant based on the Agreements' forum selection provision in which Defendant expressly consented to

2

exclusive jurisdiction in Texas for all matters in connection with the Agreements.

Defendant argues that the Court lacks personal jurisdiction over him because: (1) the Agreements are non-binding proposals that never became effective because Defendant never paid the deposits, which, according to Defendant, were required to be paid in order for the Agreements to become binding; and, alternatively, (2) the forum selection provisions themselves are unenforceable because they are not reasonably related to the Agreements or the transactions underlying the Agreements.

## II. Discussion

### A. Standard of Review

A federal court may exercise personal jurisdiction over a nonresident defendant if: (1) the long-arm statute of the forum state confers personal jurisdiction over that defendant; and (2) the exercise of such jurisdiction comports with due process under the United States Constitution. *See* Electrosource, Inc. v. Horizon Battery Techs., Ltd., 176 F.3d 867, 871 (5th Cir. 1999). Because the Texas long-arm statute has been interpreted to extend as far as due process permits, the sole inquiry is whether the exercise of personal jurisdiction over a nonresident defendant comports with federal constitutional due process requirements. Id.

When an evidentiary hearing on the question of personal jurisdiction is not conducted, the party seeking to establish jurisdiction bears the burden of presenting a prima facie case of personal jurisdiction.  *See* Alpine View Co. Ltd. v. Atlas Copco AB, 205 F.3d 208, 215 (5th Cir. 2000); Wien Air Alaska, Inc. v. Brandt, 195 F.3d 208, 211 (5th Cir. 1999).  Proof by a preponderance of the evidence is not required.  Kelly v. Syria Shell Petroleum Dev. B.V., 213 F.3d 841, 854 (5th Cir. 2000); Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A., 988 F.2d 559, 567 (5th Cir. 1993); WNS, Inc. v. Farrow, 884 F.2d 200, 203 (5th Cir. 1989).  A plaintiff may present a prima facie case by producing admissible evidence which, if believed, would suffice to establish the existence of personal jurisdiction.  *See* WNS, Inc., 884 F.2d at 203-04.  Uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits and other documentation must be construed in the plaintiff's favor.  *See* Alpine View, 205 F.3d at 215.

B.   Effect of the Forum Selection Clause

"[B]ecause the personal jurisdiction requirement is a waivable right, there are a 'variety of legal arrangements' by which a litigant may give 'express or implied consent to the personal jurisdiction of [a] court.'"  Burger King Corp. v. Rudzewicz, 105

4

S. Ct. 2174, 2182 n.14 (1985) (quoting Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 102 S. Ct. 2099, 2105 (1982)). One of those legal arrangements is a forum selection clause. Id. If a party signs a contract with a forum selection clause, then that party has either consented to personal jurisdiction or waived the requirements for personal jurisdiction in that forum. *See* Burger King, 105 S. Ct. at 2182 n.14; *see also* Goodman Co., LP v. A&H Supply, Inc., 396 F. Supp. 2d 766, 774 (S.D. Tex. 2005) (Rosenthal, J.). "Where such forum-selection provisions have been obtained through 'freely negotiated' agreements and are not 'unreasonable and unjust,' their enforcement does not offend due process." Burger King, 105 S. Ct. at 2182 n.14 (quoting Bremen, 92 S. Ct. 1907 at 1916).

Forum-selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." M/S Bremen v. Zapata Off-Shore Co., 92 S. Ct. 1907, 1913 (1972) (internal quotation marks and citations omitted). "Unreasonableness potentially exists where (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement 'will for all practical purposes be deprived of his day in court' because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the [resisting party] of a remedy;

5

or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state." Haynsworth v. The Corporation, 121 F.3d 956, 963 (5th Cir. 1997). "The party resisting enforcement [of the forum selection clause] on these grounds bears a 'heavy burden of proof.'" Id. (quoting Bremen, 92 S. Ct. at 1917); *accord* Afram Carriers, Inc. v. Moeykens, 145 F.3d 298, 301 (5th Cir. 1998) ("The burden of proving unreasonableness is a heavy one, carried only by a showing that *the clause* results from fraud or overreaching, that it violates a strong public policy, or that enforcement of the clause deprives the [resisting party] of his day in court.") (citations omitted).

Defendant does not argue that the forum selection provision in the Agreements was procured as a result of fraud or overreaching, that the chosen law would deprive him of a remedy, or that enforcement of the provision would contravene a strong public policy of Texas.  Instead, Defendant argues that the forum selection provision is unenforceable because "[l]itigation in Texas is inconvenient and burdensome to [Defendant], an individual residing in Kentucky with no meaningful ties to Texas." *See* Document No. 6 ¶¶ 25-26.  When the inconvenience of litigating in the chosen forum was foreseeable at the time of contracting, however, the party opposing enforcement must show that "trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day

6

in court." Bremen, 92 S. Ct. at 1917.  Defendant wholly fails to make such a showing.  Rather, it appears that "[w]hatever 'inconvenience' [Defendant] would suffer by being forced to litigate in the contractual forum as [he] agreed to do was clearly foreseeable at the time of contracting."  Id.; cf. Abramson v. Am. Online, Inc., 393 F. Supp. 2d 438, 443 (N.D. Tex. 2005) ("[T]he expense of trying a case in a particular forum is insufficient to satisfy a party's burden under Bremen.").  Because Defendant has not demonstrated that he would effectively be deprived of his day in court if forced to litigate this case in Texas, he has failed to establish that the forum selection provision in the Agreements is unreasonably inconvenient.

Defendant also contends that the forum selection provision is unreasonable and should not be enforced because it is not "reasonably related to the [Agreements] or the Hunts."  See Document No. 6 ¶¶ 25-26.  However, "[r]easonableness requires only that one of the parties have 'a connection' to the contractual choice of forum," and Defendant has not shown that Plaintiff has no connection to Texas.  Alternative Delivery Solutions, Inc. v. R.R. Donnelley & Sons Co., 2005 WL 1862631, at *13-14 (W.D. Tex. July 8, 2005).  The uncontroverted evidence is that Plaintiff's "principal place of business is located in Galveston County, Texas," and although Plaintiff was originally formed in Pennsylvania, "its operations and offices are . . . in Galveston County, Texas."

Document No. 16 ex. 1 ¶ 14; *see also* Document No. 14 ex. B (printouts from Plaintiff's website, which designates an address in League City, Texas as Plaintiff's "USA Office").  Thus, even if Plaintiff is still incorporated in Pennsylvania--a fact that Plaintiff's counsel now denies--Defendant has not demonstrated that Plaintiff's League City office is anything but a meaningful connection with Texas sufficient to render Texas a reasonable forum for this dispute.  In sum, Defendant has not met its "heavy burden of proof" to show that the forum selection provision is unreasonable under Bremen, and the forum selection provision will therefore be enforced unless, as Defendant contends, the Agreements themselves are unenforceable.

C.   Enforceability of the Agreements

According to Defendant, the Agreements are not enforceable because they contain a condition precedent to formation, which was never fulfilled.  Specifically, it is Defendant's position that the first sentence of Agreements, which states, "An initial deposit in the amount of [$36,900] [$62,500] to confirm the safari," sets forth "a specific condition to be met before the binding agreements would exist--[Defendant] was required to pay [Plaintiff] a 50% deposit to confirm each of the Hunts before any agreement would be final."  Document No. 6 ¶ 18.  Because he never paid these deposits, Defendant argues, he never finalized any agreement to

attend the Hunts. Id. At the Rule 16 conference, Defendant's counsel characterized Defendant's execution of the Agreements as mere expressions of interest in the safaris. Plaintiff disagrees and argues that the plain terms of the Agreements establish that they are binding contracts, not drafts.

A condition precedent may relate either to the formation of a contract--i.e., a condition that must be performed before the agreement of the parties shall become a binding contract--or to liability under a contract--i.e., a condition that must be fulfilled before the duty to perform an existing contract arises. *See* Hohenberg Bros. Co. v. George E. Gibbons & Co., 537 S.W.2d 1, 3 (Tex. 1976). "Whether a contractual provision is a condition, rather than a promise, must be gathered from the contract as a whole and from the intent of the parties." Donaldson v. Digital Gen. Sys., 168 S.W.3d 909, 916 (Tex. App.--Dallas 2005, pet. filed) (citing Hohenberg, 537 S.W.2d at 3); *accord* Interstate Contracting Corp. v. City of Dallas, 407 F.3d 708, 727 (5th Cir. 2005) ("To determine whether a condition precedent is present, a court examines the parties' intent as manifested in the contract.") (citing Criswell v. European Crossroads Shopping Ctr., Ltd., 792 S.W.2d 945, 948 (Tex. 1990)). "Typically, terms such as 'if,' 'provided that,' 'on condition that,' or similar terms must be used in the contract to support finding a condition precedent." Id.

"The law does not favor conditions, and when the parties' intent is ambiguous the terms will be construed as covenants." Id.

Upon carefully reading the Agreements, the Court concludes that they are binding and enforceable contracts. Contrary to Defendant's contention, nothing in the Agreements suggests that they were only proposals or mere expressions of Defendant's interest in possible future safaris. Although Defendant's payment of the initial deposits may well be a condition precedent to Plaintiff's obligation to make the travel arrangements for the safaris--a question that the Court does not reach in resolving Defendant's motion to dismiss--it is plain from the face of the Agreements that the initial deposits are not conditions precedent to the formation of the contracts themselves.

Because the Agreements are enforceable and contain enforceable forum selection provisions that apply to the parties' dispute, Plaintiff has met its burden of establishing personal jurisdiction. Defendant's motion to dismiss is therefore denied.

### III. Order

Based on the foregoing, it is hereby

ORDERED that Defendant Eric Whetstone's Motion to Dismiss Plaintiff's Amended Complaint (Document No. 14) is DENIED.

The Clerk will enter this Order and send copies to all counsel of record.

SIGNED at Houston, Texas, on this 28th day of February, 2006.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE